| | | |
|---|---|---|
| DENISE M. LEAGUE, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 4:10 -CV-593 |
| | § | |
| JANNA L. COUNTRYMAN, | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Appellant Denise M. League's ("League") *pro se* appeal from the Order of the United States Bankruptcy Court dismissing League's Chapter 13 case with prejudice.

Under Bankruptcy Rule 8002, a party seeking to appeal a bankruptcy court's judgment to a district court has fourteen days following entry of the bankruptcy court's judgment to file a notice of appeal with the bankruptcy clerk. FED. R. BANKR. P. 8002(a). Failure to file a timely notice of appeal deprives the district court of jurisdiction to consider the appeal. *In re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2008). "Given its jurisdictional nature, this requirement cannot be waived." *Id.*

Rule 8002(c)(2) provides, however, that a party may seek an extension of time to file a notice of appeal by filing a written motion "before the time for filing a notice of appeal has expired." FED. R. BANKR. P. 8002(c)(2). Alternatively, the bankruptcy court may extend the time for filing a notice of appeal if a written request is filed within "21 days after the expiration of the time for filing a motion of appeal" and "upon a showing of excusable neglect." FED. R. BANKR. P. 8002(c)(2). In construing the meaning of "excusable neglect," the United States

Supreme Court has stated that any determination is, at its core, "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993); *accord In re Christopher*, 35 F.3d 232, 236 (5th Cir. 1994); *In re Davenport*, 324 B.R. 482, 496 (Bankr. S.D. Tex. 2006). Hence, courts are directed to consider, among other equitable factors, "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *accord In re Davenport*, 324 B.R. at 496-97. This court reviews a bankruptcy court's determination of excusable neglect for an abuse of discretion. *Lang v. Lang*, 414 F.3d 1191, 1199 (10th Cir. 2005).

In this instance, League's appeal must be dismissed, as her notice of appeal was not timely filed, and she has not established the excusable neglect required for an extension under Rule 8002(c)(2). The bankruptcy court entered its order dismissing League's Chapter 13 case on August 25, 2010. Twenty days later, on September 14, 2010, League filed her notice of appeal. Attached to her notice, League submitted a cover letter stating that she was seeking legal representation. The bankruptcy court construed the letter as a motion for an extension of time to file her notice of appeal and, on December 1, 2010, denied her request, concluding that she failed to establish excusable neglect.

Mindful of League's *pro se* status, the court finds that she has not demonstrated excusable neglect for her tardy filing. In her cover letter, League asserts only that she is "still seeking counsel." She offers no explanation, however, as to why she has not retained counsel, does not detail any prior unsuccessful attempts in securing such counsel, and gives no indication that she

has been prevented from doing so. Further, although "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,'" League does not even claim that her failure to timely file was the result of any misunderstanding of the rules or other neglect on her part. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *In re ZG Gathering, Ltd.*, No. SA-09-CV-772, 2009 WL 4982841, at *2 (W.D. Tex. Dec. 14, 2009) (internal quotations omitted); *see In re Nat'l Century Fin. Enters., Inc.*, No. 2:06-CV-883, 2007 WL 912216, at *3 (S.D. Ohio Mar. 23, 2007) (requiring the movant to first establish "neglect"). In fact, in her letter, League expressly recognizes that she had fourteen days to request an appeal. Moreover, as a "repeat bankruptcy filer," League appears quite familiar with the bankruptcy court and its rules. Under these circumstances, nothing impugns the bankruptcy court's determination that League has failed to establish excusable neglect. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (noting that "a district court's determination that the neglect was inexcusable is virtually unassailable."). Therefore, the court lacks jurisdiction to consider League's appeal. Accordingly, League's appeal is DISMISSED.

SIGNED at Beaumont, Texas, this 10th day of December, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE